UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NICOLE RENEE CROSBY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:23-cv-01928 (UNA) |
| ) | |
| ) | |
| CANDICE SUE BEADZ, et al., ) | |
| ) | |
| Defendants. ) | |

### **MEMORANDUM OPINION**

This matter is before the court on its initial review of plaintiff's *pro se* complaint, ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. For the reasons explained below, the court will grant the IFP application and dismiss the complaint and this matter, without prejudice.

Plaintiff is currently housed at Idaho State Hospital. She sues Candice Sue Beadz (an individual associated with a company called "D&C Drilling"), and Idaho State Judge, and the Gooding, Idaho, Sherriff's Department. Indeed, all defendants are located in Gooding, Idaho.

The complaint is not a model of clarity. It jumps between topics, including a potential challenge to the constitutionality of plaintiff's detainment, or of an unidentified state conviction and sentence. She seeks equitable relief and $30 trillion in damages arising from alleged nefarious behavior of the presiding judge and different public defenders, including, purported stolen diamonds and other property, and myriad wrongdoing to plaintiff's father.

*First*, plaintiff's complaint is mostly incomprehensible. Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader

is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). When a complaint "contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments [,]" it does not fulfill the requirements of Rule 8. *Jiggetts v. Dist. of Columb.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. Dist. of Columb.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). "A confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (cleaned up). The instant complaint falls within this category. As presented, neither the court nor the defendants can reasonably be expected to identify plaintiff's claims, and the complaint also fails to set forth allegations with respect to this court's ability to exert subject matter jurisdiction, venue, or personal jurisdiction over any of the defendants.

*Second*, to the extent that plaintiff may seek relief under 28 U.S.C. § 2241, she may not do so here. "A district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction." *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004); *see also Day v. Trump*, 860 F.3d 686, 691 (D.C. Cir. 2017) (affirming dismissal for want of jurisdiction where the District of Columbia was not "the district of residence of [plaintiff's] immediate custodian for purposes of § 2241 habeas relief"). Plaintiff has not identified any present custodian in this jurisdiction, nor for that matter, any connection to this district.

*Third*, insofar as plaintiff seeks to challenge the legitimacy of a conviction or sentence, federal court review of state convictions is available under 28 U.S.C. § 2254 only after the exhaustion of available state remedies. 28 U.S.C. § 2254(b)(1). Thereafter, "an application for a writ of habeas corpus [ ] made by a person in custody under the judgment and sentence of a State court . . . may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced [plaintiff] and each of such district courts shall have concurrent jurisdiction to entertain the application." 28 U.S.C. § 2241(d). Plaintiff faced proceedings in Idaho, consequently, this court also lacks jurisdiction over any intended § 2254 claims. Moreover, with respect for any demand for damages as it relates to plaintiff's conviction and sentence, the Supreme Court instructs:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid . . . plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Heck v. Humphrey,* 512 U.S. 477, 486–87 (1994). If judgment were to be granted in plaintiff's favor in this case, it "would necessarily imply the invalidity of h[er] conviction." *Heck*, 512 U.S. at 487. Therefore, because there is no indication that any verdicts have been set aside, plaintiff cannot recover damages for the actions of those who allegedly brought about his conviction and sentence. *See Williams v. Hill,* 74 F.3d 1339, 1341 (D.C. Cir. 1996) (per curiam).

For the stated reasons, plaintiff's IFP application will be granted, and this matter will be dismissed without prejudice. A separate order accompanies this memorandum opinion.

TREVOR N. McFADDEN
United States District Judge

Date: 7/31/23